UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE TAYLOR WHITE,<br><br>            Plaintiff,<br><br>     v.<br><br>LEIGH G. FLEMING, et al.,<br><br>            Defendants. | Case No.   1:22-cv-00580-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS<br><br>(ECF No. 1)<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Plaintiff Jessie Taylor White ("Plaintiff") is confined at the Madera County Jail and proceeds *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1,3). The complaint, filed on May 16, 2022, generally alleges that Plaintiff was not arraigned within the amount of time required by California rules, and that his defense attorneys in a pending state court criminal case are not adequately representing him.  Plaintiff names as defendants two state court judges and two public defender attorneys.

The Court concludes that the complaint fails to state any cognizable claims. Under settled Federal law, this Court will generally not intervene in a pending state court proceeding. Moreover, judges acting in their judicial capacity are immune from damages claims under section 1983, and court appointed attorneys are not considered state actors for claims for constitutional violations under section 1983.  Accordingly, the Court recommends dismissing the complaint

without leave to amend.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by pretrial detainees or prisoners seeking relief against a governmental entity or its officers or employees. 28 U.S.C. § 1915A(a) (requiring court to review civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity"); § 1915A(c) (defining "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program"). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

As Plaintiff is proceeding *in forma pauperis*, the Court also screens the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that

2

*pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.     SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint alleges that, upon his arrival at the Courthouse in his pending criminal case, he claimed that his right to an arraignment within 72 hours had been violated. His lawyer, Richard Esquival, objected on behalf of Plaintiff. The judge, Judge Healy, noted the objection but continued with the case. Plaintiff raised the objection with the judge's clerk, but it was ignored. Plaintiff's case is proceeding toward trial. Plaintiff alleges that this violated his due process rights.

Plaintiff also claims that the Court in the state court action refused his request to fire his lawyer, Richard Esquival. Plaintiff claims that his lawyer refuses to accept his directions or voice his objections, and Plaintiff wishes for a different lawyer to be appointed. Attorney Leigh Fleming has refused to remove herself as counsel. The Judge refused to fire his and appoint a different counsel. This damages Plaintiff's attempt to defend himself at trial. Plaintiff claims this is a violation of the Rules of Professional Conduct related to diligence and zealous responsibility.

Plaintiff also claims that he filed a motion to fire his counsel several times. He has informed the court and counsel of their conflict and intent to file this lawsuit. However, the state court is neglecting his intents and motions. The attorneys should not be representing him now that Plaintiff is suing them in this lawsuit. Counsel refuses to file Plaintiff's motions, voice his words, or hear him on all matters. This violates Plaintiff's right to be heard.

Plaintiff asks that this court vindicate Plaintiff's right to be arraigned within 72 hours and appoint Plaintiff alternate counsel in his state court matter.

## III.    ANALYSIS OF PLAINTIFF'S COMPLAINT

### A.     Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490

3

U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### B. *Younger* Abstention

Plaintiff's complaint contests the actions of the judges presiding over his state court proceedings, including proceeding to trial notwithstanding a delay in arraignment, and refusing to appoint conflict counsel. Accordingly, the Court first looks at the law regarding requests for injunctions related to ongoing proceedings.

Federal courts "may not interfere with pending state criminal or civil proceedings." *Aiona v. Judiciary of State of Haw.*, 17 F.3d 1244, 1248 (9th Cir. 1994). This doctrine, called "*Younger* abstention," is rooted in the "desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971) ("[T]he underlying reason for restraining courts of equity from interfering with criminal prosecutions is reinforced by an even more vital consideration, the notion of 'comity,' that is, a proper respect for state functions . . . ."). Thus, "[a]bsent extraordinary circumstances, interests of comity and federalism instruct federal courts to abstain from exercising our jurisdiction in certain circumstances when asked to enjoin ongoing state enforcement proceedings." *Page v. King*, 932 F.3d 898, 901 (9th Cir. 2019) (alterations, internal quotation marks and citation omitted); *accord Trump v. Vance*, 140 S. Ct. 2412, 2420 (2020) (noting *Younger* "generally precludes federal courts from intervening in ongoing state criminal prosecutions").

"*Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations, internal quotation marks, and citation omitted).

Typically, dismissal is required for *Younger* abstention. *Aiona v. Judiciary of State of Hawaii*, 17 F.3d 1244, 1248 (9th Cir. 1994) (stating that, when abstaining under *Younger*, "a district court must dismiss the federal action . . . [and] there is no discretion to grant injunctive relief") (internal citation omitted). But "federal courts should not dismiss actions where damages are at issue; rather, damages actions should be stayed until the state proceedings are completed." *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004).

Lastly, "[f]ederal courts will not abstain under *Younger* in extraordinary circumstances where irreparable injury can be shown." *Page*, 932 F.3d at 902 (internal quotation marks and citation omitted). "[B]ad faith and harassment" are "the usual prerequisites" to show "the necessary irreparable injury." *Younger*, 401 U.S. at 53.

Here, this case falls squarely within *Younger*. Plaintiff is a criminal defendant in an

5

ongoing state court proceeding.  Plaintiff has been raising these issues with the state court, but disagrees with the judges' orders in his case.  Plaintiff asks this court to intervene in the state court matter to direct the criminal proceeding against the judges' orders.  Thus, there is an ongoing state judicial proceeding, the proceeding implicates important state interests, i.e., enforcement of state criminal law, Plaintiff has the opportunity to raise these issues in the state proceeding and appeal to state appellate courts (and potentially seek petitions for writs of habeas corpus), and the requested relief seeks to enjoin the ongoing state proceeding.  Accordingly, Plaintiff's claims are barred by the *Younger* abstention doctrine.

In conclusion, Plaintiff cannot obtain injunctive relief related to his current criminal proceedings through this section 1983 action. Plaintiff may raise these issues in state court, and if convicted, on appeal. However, this section 1983 case is not a vehicle to interfere with that state prosecution.

### C.     Judicial Immunity

Additionally, Plaintiff's claims for damages against the state judges for actions taken in their judicial functions are barred.  As the Ninth Circuit explained:

> Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts. *See Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1872). Title 42 U.S.C. § 1983 (1982) was not intended to abolish the doctrine of judicial immunity. *Pierson v. Ray,* 386 U.S. 547, 554–55, 87 S.Ct. 1213, 1217–18, 18 L.Ed.2d 288 (1967). Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner,* 474 U.S. 193, 106 S.Ct. 496, 500, 88 L.Ed.2d 507 (1985) (quoting *Bradley,* 80 U.S. (13 Wall.) at 347). . . .
>
> The immunity afforded judges and prosecutors is not absolute. A judge lacks immunity where he acts in the "clear absence of all jurisdiction," *Bradley,* 80 U.S. (13 Wall.) at 351, or performs an act that is not "judicial" in nature. *Stump v. Sparkman,* 435 U.S. 349, 360, 98 S.Ct. 1099, 1106, 55 L.Ed.2d 331 (1978). The factors relevant in determining whether an act is judicial "relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Sparkman,* 435 U.S. at 362, 98 S.Ct. at 1107. In *Sparkman,* the Supreme Court held that a judge's ex parte approval of a young woman's sterilization was a judicial act performed within the apparent scope of the court's broad, general jurisdiction. *Id.* at 357–64, 98 S.Ct. at 1105–09.

*Ashelman v. Pope,* 793 F.2d 1072, 1075 (9th Cir. 1986); *see also Buckwalter v. Nev. Bd. of Med.*

6

*Exam'rs*, 678 F.3d 737, 740 (9th Cir. 2012) ("The paradigmatic functions giving rise to absolute immunity are those of judges and prosecutors."). Moreover, to the extent these defendants are sued in their official capacities, such claims are essentially claims against the State of California and are therefore barred by the Eleventh Amendment. *See Lund v. Cowan*, 5 F.4th 964, 969 (9th Cir. 2021) ("The Eleventh Amendment ... applies to Judge Cowan, who serves as a state court judge and is being sued in his official capacity."), cert. denied, 142 S. Ct. 900 (2022).

Here, Plaintiff is suing two state court judges for decisions they made in his state court case. The judges are immune from such claims under the law cited above. If Plaintiff disagrees with their decisions, he may appeal those decisions or pursue other remedies, but Plaintiff cannot sue them for damages under section 1983.

### D.     Public Defenders are not State Actors Under Section 1983

Plaintiff also cannot sue his attorneys under section 1983 because they are not state actions. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Vermont v. Brillon*, 556 U.S. 81, 91 (2009) (holding that public defenders are not suitable defendants in § 1983 actions because they are not considered state actors). Because plaintiff's allegations involve the public defenders acting in the capacity as an attorney during the course of criminal proceedings, they was not acting under color of state law. This means that plaintiff cannot bring a claim against his court-appointed counsel.

Moreover, any potential claims for legal malpractice do not come within the jurisdiction of the federal courts. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

### IV.    CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, the Court recommends dismissing Plaintiff's case. The Court also does not recommend giving leave to amend. Notably, Plaintiff's complaint is directed at his ongoing state case, and asks for an injunction to interfere in the state court action as well as damages against the state court judges and his appointed attorneys. Under the *Younger* abstention

doctrine, Courts should not intervene in an ongoing state prosecution. Moreover, Plaintiff cannot state section 1983 claims for damages against state court judges or court appointed attorneys.

Accordingly, based on the foregoing, IT IS RECOMMENDED that:

1. Plaintiff's complaint be dismissed; and
2. The Clerk of the Court be instructed to close the case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: **July 28, 2022**              /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE

8